IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | Case No. MS-5682 |
| Establishment Inspection of | ) | |
| | ) | **MEMORANDUM** |
| J. C. WATSON COMPANY | ) | **DECISION AND ORDER** |
| _____ | ) | |

## INTRODUCTION

On September 8, 2004, the Court issued a Warrant for Inspection authorizing the Occupational Safety & Health Administration (OSHA) to inspect and investigate the establishment and workplace described as: J.C. Watson Company, 103 South Street, Parma, Idaho 83660 (Watson).  Watson has filed a Verified Motion for Order to Show Cause and for Appropriate Relief Concerning Warrant for Inspection.  In response, the Secretary of Labor (the Secretary) has filed a Motion to Dismiss J.C. Watson Company's Challenge to Warrant for Inspection. The motions have been fully briefed.  The Court has decided that oral argument is unnecessary and will consider the motions on the written submissions.  For the reasons set forth below, the Court will deny without prejudice Watson's motion and deny the

**Memorandum Decision and Order - 1**

Secretary's motion as moot.[1]

## BACKGROUND

Watson is an establishment engaged in the business of wholesale fruit and vegetable packing and distribution.  On August 9, 2004, Gloria Apodaca, the mother of seventeen-year-old , Luis Ramirez, who was employed by Watson, filed a Complaint with OSHA concerning severe injuries Ramirez received in an accident at Watson on July 31, 2004.  On August 11, 2004, OSHA Compliance Safety and Health Officer Kiely Parker (Parker) began an investigation of the industrial accident.  On August 31, 2004, counsel for the U.S. Department of Labor (the Department) filed an Application for a Warrant for Inspection, supported by Parker's Affidavit.  Parker stated that his investigation took place at "103 South Street, Parma, Idaho."  The Court signed the Warrant as presented.  It permitted OSHA to enter, inspect and investigate the establishment and workplace described as:

J.C.WATSON COMPANY
103 South Street

---

[1]  The Court had intended that this Memorandum Decision and Order be filed on January 7, 2005 and attempted to file it on that date.   However, the District of Idaho had just converted to a new electronic case filing system and, for unknown reasons, the intended filing did not take place.  The parties have not contacted the Court to inquire into the status of the matter, and the Court was unaware until today that this Memorandum Decision and Order had not, in fact, been filed as intended on January 7, 2005.  The Court regrets the delay.

**Memorandum Decision and Order - 2**

Parma, Idaho 83660

The parties reference the above address as "the Parma Shed."  Pursuant to the

Warrant, OSHA personnel received the following authorization:

> to enter without delay the above described premises during regular
> working hours or at other reasonable times, and to inspect, to take
> environmental samples, personal employee samples through the use of
> testing/sampling equipment attached to consenting employees, and
> photographs and videotape recordings related to the purpose of the
> inspection, and to investigate in a reasonable manner and to a
> reasonable extent the aforesaid worksite and place of business where
> work is performed by employees of the employer and all pertinent
> conditions, structures, machines, apparatus, devices, equipment,
> materials and all other things therein including records (except those
> containing personally identifiable employee medical information within
> the meaning of 29 CFR 1913.10), files, papers, processes, controls and
> facilities bearing on whether this employer is furnishing to the
> employees employment and a place of employment which are free from
> recognized hazards that are causing or likely to cause death or serious
> physical harm to the employees, and whether this employer is
> complying with the occupational safety and health standards
> promulgated under the Act and the rules, regulations and orders issued
> pursuant to the Act.

Watson does not contend that the Warrant was unsupported by administrative

probable cause,[2] rather, its challenge is to aspects of the OSHA investigation which,

---

[2] In *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978), the Supreme Court held section 8(a) of the Act unconstitutional insofar as it authorized nonconsensual warrantless inspections of an employer's establishment, and ruled that a search warrant supported by probable cause is constitutionally required for OSHA inspections.  However, the Court distinguished between "[p]robable cause in the criminal law sense" and probable cause for an administrative search. *Id*. at 320.  The Supreme Court stated that to obtain a warrant the Secretary is not required to show probable cause in the criminal sense.  In the latter case, "a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or

**Memorandum Decision and Order - 3**

Watson claims, exceeded the scope of the Warrant and violated its Fourth Amendment rights. Watson asserts that OSHA compliance officers violated its Fourth Amendment rights and reasonable expectation of privacy in three ways. First, Watson contends that two OSHA compliance officers "improperly, unlawfully, and unreasonably expanded the scope of the Warrant for Inspection and entered J.C. Watson facilities other than the Parma Shed."  Specifically, Watson contends that the compliance officers entered the J.C. Watson Parma Repair Shop (Repair Shop), a facility located at 112 South Avenue, Parma, Idaho, which, Watson claims, is an establishment separate and apart from the Parma Shed.  Watson alleges that, when the compliance officers entered the Repair Shop, J.C. Watson's controller, Robert Shaver, expressly informed them that Watson did not consent to the entry, but Shaver did not interfere when the officers insisted on entering under the guise of the Warrant for Inspection.  Watson further alleges that the officers entered, inspected, searched and seized documents maintained at the Repair Shop and interrogated one or more employees at the Repair Shop.

Next, Watson complains that, on September 9 and 10, 2004, OSHA officers attempted to interview J.C. Watson management outside the presence of legal

---

administrative standards for conducting an . . . inspection are satisfied with respect to a particular (establishment).'" *Id.* at 320-21, citing *Camara v. Municipal Court*, 387 U.S. 523 (1967).

**Memorandum Decision and Order - 4**

counsel.   Watson contends that the OSHA officers knew that Watson management was represented and that counsel was not present and nonetheless "repeatedly and consistently" interrogated Watson management.

Finally, Watson contends that, on September 10, 2004, during OSHA's interrogation of Robert Shaver, an OSHA officer forcibly seized a notepad held by Shaver and read it.  Watson alleges that Shaver's notes included privileged communications from J.C. Watson to its legal counsel.

Watson asks this Court to enter an Order to show cause requiring the Government to demonstrate:

1.      Why the Warrant for Inspection should not be quashed;

2.      Why the Warrant for Inspection should not be limited to the address of the establishment and workplace located and described in the Warrant for Inspection as "J.C. Watson Company, 103 South Street, Parma, Idaho 83660;"

3.      Why the Warrant for Inspection should not be limited in duration to the seven working days during the period from September 9, 2004 to September 17, 2004;

4.      Why the Government should not be prohibited from the entry, search, and/or seizure in any other J.C. Watson Company establishment and workplace;

**Memorandum Decision and Order - 5**

5.      Why the Government should not be prohibited from questioning and interrogating J.C. Watson managements and representatives outside the presence of legal counsel;

6.      Why the Government should not be admonished for exceeding and violating the authorization of the Warrant for Inspection, circumventing J.C. Watson's legal counsel, and violating the Government's own statutory and regulatory entry and search requirements;

7.      Why the Government should not be ordered to inventory and tender to the Court and to J.C. Watson all photographs, videotapes, audiotapes, notes, interview statements, memoranda, and documents related to the Government's entry into any J.C. Watson establishment and workplace other than the facility at 103 South Street, Parma, Idaho 83660;

8.      Why the Government should not be ordered to inventory and tender to the Court and to J.C. Watson all photographs, videotapes, audiotapes, notes, interview statements, memoranda, and documents related to the questioning and interrogation or or after September 9, 2004, of Mel Frazier, Chris Frazier, Felipe Lira, John Grim, Robert Shaver, and other managerial representatives of J.C. Watson;

9.      Why the photographs, videotapes, audiotapes, notes, interview statements,

**Memorandum Decision and Order - 6**

memoranda, and other documents obtained by the Government from J.C.

Watson as described above should not be considered tainted and sbhould not

be excluded and suppressed;

10.     Why further inspections, searches, seizures, and/or interrogations based upon

the tainted information wrongfully obtained by the Government should not be

suppressed; and

11.     Why information wrongfully obtained by the Government should not be

preserved for subsequent use by J.C. Watson in proceedings before this Court

and the Occupational Safety & Health Review Commission.

In her Motion to Dismiss J.C. Watson Company's Challenge to Warrant for

Inspection, the Secretary argues that this Court lacks subject matter jurisdiction

because Watson has failed to exhaust its administrative remedies.

## DISCUSSION

The OSH Act has an extensive administrative process for reviewing OSHA

enforcement actions.  Specifically, after OSHA issues a citation, an employer may

seek administrative review before the Occupational Safety and Health Review

Commission (OSHRC).  29 U.S.C. §659(c).  The challenges are heard by an

OSHRC administrative judge and are reviewed by the OSHRC, at its discretion.  29

U.S.C. § 661(j).  An employer may seek judicial review of the OSHRC decision in

**Memorandum Decision and Order - 7**

the United States Court of Appeals.  29 U.S.C. § 660(a). OSHA contends that any

Fourth Amendment challenge to its inspection procedures must be made through this

administrative process.

The exhaustion doctrine requires parties to pursue all administrative remedies

before seeking judicial relief.  *Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41,

50-51 (1938)*.* It is generally accepted that, after OSHA completes an inspection,

Fourth Amendment challenges to the inspection must be raised in the context of

administrative proceedings.[3]  However, Watson asserts that the inspection is not yet

complete and that, until the inspection has been completed, the Government's

conduct, ostensibly undertaken pursuant to a Warrant issued by this Court, is

answerable to the jurisdiction of this Court.  Here, the record indicates that the

investigation may not be complete.[4]  No citation has issued.  Watson argues that,

because no  citation has issued, there is no administrative proceeding pending in

---

[3] *See In re J.R. Simplot Co.,* 640 F.2d 1134, 1137 (9th Cir.1981), *cert. denied*, 455 U.S. 939 (1982); *Gould Pub. Co.*, 934 F.2d 457, 459-60 (2d Cir. 1991);  *Babcock and Wilcox Co.  v. Marshall*, 610 F.2d 1128, 1134 (3d Cir. 1979); *In Re Establishment Inspection of Manganas Painting Co., Inc.,* 104 F.3d 801, 802 (6th Cir. 1997); *In Re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 814 (7th Cir. 1991); *Marshall v. Central Mine Equipment Co.*, 608 F.2d 719, 721 (8th Cir. 1979); *Robert K. Bell Enterprises Inc v. Donovan*, 710 F.2d 673, 675 (10th Cir.1983).

[4] In its Application For an Inspection Warrant at ¶ 6, counsel for OSHA stated, "[t]hat a return will be made to the Court at the completion of the inspection and investigation."  No such return has been made.

**Memorandum Decision and Order - 8**

which it can challenge the alleged violations of its Fourth Amendment rights.

Watson's motion can be seen as seeking two different types of relief: (1) declaratory and injunctive relief to address prior alleged violations; and (2) prospective injunctive relief to prevent future violations.  With regard to Watson's contention that OSHA has previously violated its Fourth Amendment rights, the Court concludes that suppression issues are not yet ripe and should not be considered unless and until a citation issues.  At that time, these issues may be considered in the context of administrative proceeding. *See G.M. Leasing Corp., v. United States*, 429 U.S. 338, 360 (1977).[5]  Moreover, whether or not a citation issues, Watson could bring an action against the United States under the Federal

---

[5] OSHA argues that it is doubtful that the exclusionary rule is unavailable as a remedy in OSHA enforcement cases, since the proceedings are civil in nature.  In support of this proposition, OSHA cites *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032 (1984) where the Supreme Court concluded that the exclusionary rule did not apply in deportation hearings to determine an alien's eligibility to remain in the country.  The question whether the exclusionary rule applies to OSHA enforcement remains an unsettled and sharply contested area of the law.   The Third Circuit noted that, "Courts considering [this issue] prior to the decision in *Lopez-Mendoza* . . . have reached varying conclusions."  *Id*. at 1218 n. 8.  In *Todd Shipyards Corp. v. Secretary of Labor*, 586 F.2d 683 (9th Cir. 1978),  the Ninth Circuit suggested that the exclusionary rule might not apply to OSHA proceedings, but did not reach the issue because the court determined that, even if the rule did apply, it should not apply retroactively.  *Id*. at 689-90.  More recently, in *In Re Establishment Inspection of Hern Iron Works, Inc.,* 881 F.2d 722 (1989), the Ninth Circuit commented that "the right to invoke the exclusionary rule at an [OSHA] administrative proceeding would carry a reassuring aura of fairness," but declined to decide the question in the context of a contempt case.  *Id*. at 729.  Regardless, the Court need not attempt to resolve the issue here because, in the event a citation issues, Watson may raise it in the administrative process. If OSHA's assertion that the exclusionary rule is not available as a remedy in OSHA enforcement cases is correct, then Watson would still have recourse to an FTCA or *Bivens* action, as noted above.

**Memorandum Decision and Order - 9**

Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* or a *Bivens*[6] action,

against the compliance officers.[7]   OSHA argues that, if no citation issues as a result

of the inspection, there can be no harm to Watson.  The Court disagrees.  Watson's

allegation that OSHA's search of a facility not identified in the Warrant violated its

Fourth Amendment rights raises an important constitutional question. If the

challenged search was, in fact, unconstitutional, the injury would be real whether or

not a citation issues.

With regard to Watson's request for prospective injunctive relief, the record

is not sufficiently developed to support issuance of such an order at this time.

However, should Watson provide the Court with facts tending to show any of the

following, the Court would entertain a motion for such relief: (1) that OSHA intends

to conduct a nonconsensual search of any Watson Company establishment other

than that listed in the Warrant; (2) that OSHA personnel intend to question Watson

management outside the presence of legal counsel, or (3) that OSHA does not intend

to preserve the photographs, videotapes, audiotapes, notes, interview statements,

---

[6] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the United States Supreme Court established that a victim of a constitutional violation by a federal agent has a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.

[7] The Court, in noting the availability of FTCA and *Bivens* claims, does not intend to express any opinion on the potential merits of such actions.

**Memorandum Decision and Order - 10**

memoranda, and documents related to this investigation so that these materials could be made available in any related proceedings before the Occupational Safety & Health Review Commission, or this Court.

In light of the foregoing discussion, the Court enters the following Order.

## ORDER

**IT IS HEREBY ORDERED** that Watson's Verified Motion for Order to Show Cause (Docket No. 1) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the Secretary's Motion to Dismiss Watson's Challenge to Warrant for Inspection (Docket No. 3) is DENIED as moot.

DATED:  **May 5, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 11**